**UNITED STATES**

v.

Geronimo v. VALADEZ, Jr., 458 96 2367, Private E–1, U. S. Marine Corps.

**NCM 77 0909.**

U. S. Navy Court of Military Review.

15 Aug. 1977.

LT Lawrence W. Muschamp, JAGC, USNR, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, BAUM and GREGORY, JJ.

DUNBAR, Senior Judge:

Appellant was tried by special court-martial convened by the Commanding Officer, 2nd Battalion, 1st Marines, 1st Marine Division, at Camp Pendleton, California on 6 and 7 January 1977. He pled guilty to two specifications of disrespect to a superior noncommissioned officer and one specification of assaulting a superior noncommissioned officer in contravention of Article

91, UCMJ, 10 U.S.C. § 891, after a motion to dismiss for want of jurisdiction had been decided against him. The court constituted of a military judge alone accepted the pleas as providently made and sentenced the appellant to a bad conduct discharge, forfeiture of $248.00 pay per month for a period of five months, and confinement at hard labor for a period of five months. The intermediate reviewing authorities approved the sentence as adjudged, but, pursuant to a pre-trial agreement, the confinement and forfeitures imposed were deferred until completion of the appellate review process. The record of trial was thereafter forwarded to the Judge Advocate General of the Navy for review by this Court. Appellant asserts the following specific assignments of error:

I

THE STAFF JUDGE ADVOCATE'S REVIEW IS FATALLY DEFECTIVE IN THAT IT SUPPLIES THE REVIEWING AUTHORITY WITH AN ERRONEOUS STATEMENT ON BURDEN OF PROOF IN ASSESSING DEFENSE EVIDENCE ON THE MOTION AND IN MISREPRESENTING THE DEFENSE THEORY ON THE JURISDICTIONAL ISSUE.

II

THE MILITARY JUDGE'S SPECIFIC FINDINGS OF FACT WERE NOT SUPPORTED BY THE UNCONTROVERTED EVIDENCE SUBMITTED BY BOTH COUNSEL ON THE MOTION.

III

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING THE MOTION TO DISMISS FOR WANT OF JURISDICTION.

A. The Recruitment Was Unlawful On Its Face And Thus Necessarily Entailed Recruiter Misconduct.

B. The Recruitment Was Accomplished Through Violation Of Regulations Prohibiting Recruiters From Supplying Answers.

IV

THE MILITARY JUDGE FAILED TO APPLY THE CORRECT STANDARD IN DECIDING THE MOTION.

I

■ On page 6 of the Staff Judge Advocate's Review, in discussing the jurisdictional motion raised by the appellant, the Staff Judge Advocate states: "Accordingly, I conclude that the accused failed to sustain the burden of persuasion on the threshold question as to the identity of the Armed Forces Qualifying Test (AFQT) questions." Appellant asserts that this statement is prejudicially misleading, as it unambiguously conveys to the reviewing authority the incorrect information that such a burden was properly placed upon the defense to prove conclusively that the AFQT questions provided the appellant by the recruiter for tutoring purposes were in fact the same as those contained within the AFQT the appellant took the following day. Appellant argues that sufficient evidence had been presented by the defense to that effect to raise the issue of personal jurisdiction, and it was then the Government's task to overcome the defense showing, at very least, by a preponderance of evidence. Paragraph 57 g (1), *Manual for Courts-Martial, 1969*, (Revised edition); *United States v. Bobkoskie*, 1 M.J. 1083 (N.C.M.R.1977).

We concur with the Government's assertion that it is clear when the staff judge advocate's review as a whole is examined that he was speaking of "the burden of going forward" which is placed upon the defense when he referred to the "burden of persuasion." It is axiomatic that the burden of proof in a criminal proceeding never shifts and is always upon the prosecution. Furthermore, it is clear that the staff judge advocate set a standard of proof for the Government to meet that was most favorable to the defense—proof beyond a reasonable doubt rather than by a preponderance of the evidence. We do not detect under the facts of this case that appellant's first assignment has merit.

II

■ The essence of appellant's second assignment of error is that the military

judge's findings of fact at trial were incorrect. The issue at trial was clear: Had the recruiter supplied appellant with actual questions and answers to the AFQT, which answers enabled him to unlawfully gain entrance into the military service? Appellant asserts that the military judge found the testimony of the appellant in this respect to be hesitant, whereas that of the recruiter was not. Appellant's brief states that no one contends that appellant is very bright and if appellant had any intelligence there would be no jurisdictional issue to litigate. It is further asserted that this should count for him and not against him. We find no evidence in the record that the military judge's findings of fact were clearly and unfairly inconsistent with the facts. Additionally, this Court must reach its own findings of fact. The second assignment of error is not concurred in.

### III

■ At the outset, we reject appellant's contention under Assignment of Error III that the trial court erred as a matter of law in denying the motion to dismiss for want of jurisdiction. However, with regard to the third assignment the Government admits that on the day appellant enlisted he took the AFQT and failed to attain the score of 50, required for a person seventeen years of age who had not graduated from high school; thus, an impediment to a valid enlistment existed. The Government states such an impediment will render the enlistment void, citing *United States v. Walley*, 76 1001 (N.C.M.R. 15 Sept. 1976). The Government also contends that simple negligence on the part of recruiting officials will not preclude subsequent jurisdictional reliance upon a constructive enlistment, citing *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975). We concur.

Appellant evidently knew nothing of his impediment to valid enlistment, inasmuch as he thought he had passed the test. (R. 15). There certainly was no attempt by the Government to conceal appellant's disqualification in view of the fact that the test score was plainly entered in the appropriate block of the enlistment contract. The evidence clearly supports a finding that appellant's entry into the armed service was the result of an act of simple negligence on the part of recruiting officials in failing to recognize that the combination of factors present (*i. e.*, no high school diploma, age, and test score) rendered appellant ineligible for enlistment. We therefore conclude that in this case simple negligence on the part of recruiting officials did not preclude the subsequent development of a constructive enlistment.

■ In the final portion of his third assignment of error, appellant claims his recruitment was accomplished through violation of regulations prohibiting recruiters from supplying answers to prospective enlistees. It is noted that this issue was basically considered under the second assignment of error wherein it was asserted that the military judge's findings of fact at trial were incorrect. It must be admitted that appellant's testimony as to recruiter misconduct is not strong and convincing. As noted earlier, the trial judge characterized it as hesitant, whereas that of the recruiter was not. Simply stated, we do not believe the testimony of appellant at trial, that there were questions and answers he had memorized that were later found to be identical to ones on the AFQT. Accordingly, we find no misconduct by any Government representative.

### IV

We find no merit in the final assignment of error.

In view of the foregoing, the findings and sentence, as approved on review below, are affirmed.

Judge BAUM and Judge GREGORY concur.